**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

FILED

2014 FEB 12  PM 2:36

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____KKL
                  DEPUTY

LISA CRAWFORD,

                **Plaintiff,**

-vs-                                        **Case No.  A-12-CA-946-SS**

**REGUS MANAGEMENT GROUP, L.L.C.,**
                **Defendant.**

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Regus Management Group, L.L.C.'s Motion for Summary Judgment [#25], to which Plaintiff Lisa Crawford has not responded.[1] Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order GRANTING the motion.

### Background

According to Crawford's complaint, she worked for Regus for roughly twenty years. She began her career as a receptionist, and was ultimately named a "center manager" and tasked with managing one of Regus's many business centers. On June 1, 2011, Crawford's employment was terminated. Crawford contends Regus justified the termination as a corporate reorganization: the center manager position was to be combined with an area sales manager position to create a single general manager role. When Crawford learned the general manager position was being given to a

---

[1] Because Crawford has not filed a timely response, this Court may grant the summary judgment motion as unopposed. *See* Local Rule CV-7(e)(2). Nevertheless, the Court has considered the merits of the motion.



"much younger" and allegedly less experienced sales manager, she filed a charge of discrimination with the Equal Employment Opportunity Commission.

Crawford's EEOC charge alleges she was discriminated against because of her age. She checked the box for "age" discrimination, and succinctly characterized her claim as follows: "I was terminated . . . and my job duties were assumed by the Sales Manager, who is much younger. I had far greater sales experience, and I had many years of operations and management experience in the executive suite field, of which this Sales Manager had none. I believe I have been discriminated against because of my age . . . in violation of the Age Discrimination in Employment Act of 1967, as amended." Mot. Summ. J. [#25-1], Ex. A (EEOC Charge).

The EEOC issued its Dismissal and Notice of Rights on July 17, 2012, giving Crawford notice she had ninety days to file suit. Crawford filed this suit on October 15, 2012. Her complaint alleges a single cause of action for sex discrimination in violation of Title VII of the Civil Rights Act of 1964. Regus now moves for summary judgment, arguing Crawford failed to exhaust her administrative remedies by presenting a claim for sex discrimination to the EEOC.

## Analysis

### I.   Motion for Summary Judgment—Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element

essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.     Application

"An employee who wishes to bring a discrimination claim against her employer must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC." *Mack v. John L. Wortham & Sons, L.P.*, No. 12-20798, 2013 WL 4758052, at *9 (5th Cir. Sept. 5, 2013) (unpublished) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)). "'Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance.'" *Id.* (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 467 (5th Cir. 1970)). EEOC complaints are liberally construed, and therefore courts are directed to "consider the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Id.* (quoting *Pacheco*, 448 F.3d at 789).

In this case, it is undisputed Crawford's EEOC complaint alleged only age discrimination. Crawford provided absolutely no indication she was raising any sex-based claims, and plainly stated her allegation was one of age discrimination under the ADEA. Although an employee is not "limited to the *exact* charge brought to the EEOC," the Fifth Circuit has repeatedly affirmed dismissals of claims not raised in an EEOC charge. *Young v. City of Hous., Tex.*, 906 F.2d 177, 179–80 (5th Cir. 1990); *Mack*, 2013 WL 4758052, at *9 (affirming grant of summary judgment on "culture discrimination" claim where EEOC charge only alleged race- and age-based discrimination); *Kretchmer v. Eveden, Inc.*, 374 F. App'x 493, 495 (5th Cir. 2010) (unpublished) (affirming dismissal of sex discrimination claim where EEOC charge was "directed towards claims of religious and age discrimination, not sex discrimination"); *Pacheco*, 448 F.3d at 792 (affirming dismissal of disparate-

-4-

impact claim where EEOC charge raised only disparate-treatment claim); *see also Thomas v. Tex. Dep't of Crim. Justice*, 220 F.3d 389, 395 (5th Cir. 2000) (district court abused discretion by allowing trial amendment of complaint to state race discrimination claim when EEOC charge only alleged gender discrimination).

The Court concludes Crawford's EEOC complaint, which alleged only an age-based discrimination claim, could not reasonably be expected to lead to an investigation of sex-based discrimination. Crawford has therefore failed to exhaust her administrative remedies prior to filing suit, and summary judgment is appropriate. *See Pacheco*, 448 F.3d at 788.

**Conclusion**

Accordingly,

IT IS ORDERED that Defendant Regus Management Group, L.L.C.'s Motion for Summary Judgment [#25] is GRANTED.

SIGNED this the _12_ day of February 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE